[Crim. No. 2490. Fifth Dist. Aug. 23, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY ANTHONY MORENO, Defendant and Appellant.

**COUNSEL**

J. Frank McCabe, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Eddie T. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**\*—Defendant Henry Anthony Moreno appeals his conviction by a jury of violating sections 459 and 487 (subd. 3) of the Penal Code, namely, burglary and grand theft of a firearm respectively. He was given concurrent sentences to state prison. No challenge is made as to the propriety and form of the sentences.

The following is a brief summary of the pertinent facts. The victim as to each count, a Mrs. Askin, returned to her apartment in the early morning hours of August 23, 1974. She immediately observed that her bed covering was missing and a search of her apartment disclosed that several items had been taken, including two cameras, a gun, a jewelry case, credit cards, feminine undergarments and other miscellaneous items. She observed that a bedroom window had been pried open and the screen removed. In investigating the burglary the police lifted several latent prints of the defendant from the window sill. A number of the stolen items were subsequently recovered from premises used by defendant.

At the trial the defendant's sole contention was that he was so drunk on the evening of the burglary that he had no recollection of his activities. He stated that when he awakened from his drunken stupor, he found the stolen items in his car, some of which he threw away and others he kept, such as the credit cards and the gun.

The prosecution also produced evidence that approximately a month subsequent to the Askin burglary he had burglarized the apartment of a Mrs. Noblett where he had likewise stolen feminine undergarments as well as other things.

The defendant's chief contentions on appeal center about the admission of evidence concerning the second burglary of the Noblett residence and the defendant's admission of having committed it.

■ We observe initially that any claim that the Noblett burglary was not admissible as probative evidence in refutation of the defendant's claim of diminished capacity is wholly unmeritorious. It would be difficult to construct two crimes more similar in every respect in the manner of their accomplishment and the objectives of the burglar,

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

similarities which point unerringly to the defendant as a likely perpetrator of both crimes. The fact that the Noblett burglary was committed after the offense charged is of no consequence. (*People* v. *Griffin* (1967) 66 Cal.2d 459, 464 [58 Cal.Rptr. 107, 426 P.2d 507].)

■ A basic contention of the defendant is that since the trial court found by only a preponderance of the evidence, and expressly so stated that defendant's confession of the Noblett burglary was voluntary, the confession was inadmissible. The interrogating police officer, out of the presence of the jury, testified that the defendant had freely and voluntarily admitted the Noblett burglary after having been given his *Miranda* rights. The defendant admitted having been informed of his rights but asserted that he confessed to the Noblett burglary only because the interrogator promised to get help for him in curing his "sexual hangup" over stealing female underclothing. As noted, the trial court admitted the confession as being free and voluntary, but specifically stated that it was applying the preponderance of the evidence test and would not have so found if the test was that of clear and convincing evidence or beyond a reasonable doubt. Our independent review of the record convinces us that the confession was free and voluntary, at the very least, by the standard used.

Despite its doubt, we believe the court applied the proper test. The case relied upon by the defendant, *People* v. *Stroud* (1969) 273 Cal.App.2d 670 [78 Cal.Rptr. 270], holding that proof of a confession must be tested by the beyond a reasonable doubt standard, has been expressly overruled by the United States Supreme Court in *Lego* v. *Twomey* (1972) 404 U.S. 477 [30 L.Ed.2d 618, 92 S.Ct. 619]. The reasoning of the court in *Lego* v. *Twomey, supra,* seems particularly persuasive: "But, from our experience over this period of time no substantial evidence has accumulated that federal rights have suffered from determining admissibility by a preponderance of the evidence. Petitioner offers nothing to suggest that admissibility rulings have been unreliable or otherwise wanting in quality because not based on some higher standard. Without good cause, we are unwilling to expand currently applicable exclusionary rules by erecting additional barriers to placing truthful and probative evidence before state juries and by revising the standards applicable in collateral proceedings. Sound reason for moving further in this direction has not been offered here nor do we discern any at the present time. This is particularly true since the exclusionary rules are very much aimed at deterring lawless conduct by

police and prosecution and it is very doubtful that escalating the prosecution's burden of proof in Fourth and Fifth Amendment suppression hearings would be sufficiently productive in this respect to outweigh the public interest in placing probative evidence before juries for the purpose of arriving at truthful decisions about guilt or innocence." (404 U.S. at pp. 488-489 [30 L.Ed.2d at p. 627].)

Our California Supreme Court in *People* v. *Tewksbury* (1976) 15 Cal.3d 953, 965, footnote 10 [127 Cal.Rptr. 135, 544 P.2d 1335], takes cognizance of *Lego* v. *Twomey, supra,* but declines to express any opinion as to whether California will require a different standard. And in fact, in *People* v. *Tewksbury, supra,* 15 Cal.3d at p. 965, footnote 12, the court reaffirms the doctrine announced in *People* v. *Lisenba* (1939) 14 Cal.2d 403 [94 P.2d 569], that in proving a prior criminal act to demonstrate a common scheme or design the prior criminal act need not be proved beyond a reasonable doubt.

Such is the state of our case. The challenged confession here is not to the crimes charged but to an alleged crime demonstrating a common scheme or design. It would require a remarkable exercise in semantic gymnastics to hold on the one hand, as held in *Lisenba,* that such similar crime would be admissible under the preponderance of the evidence rule but that a confession or admission of such crime would be admissible only if proved beyond a reasonable doubt. After all, the proof of the commission of a similar crime is not an element of the substantive crime and is only corroborative evidence in an area where corroboration is not required. Unlike a confession to the crime charged which admits all of the elements of proof required of the prosecution, a confession to a collateral crime admits nothing as to the crime charged and does no more than point the finger of suspicion.

The case of *Lego* v. *Twomey, supra,* is an unequivocal declaration as to the standard of proof here involved and remains binding upon this issue unless the California Supreme Court determines that the California Constitution requires the imposition of a higher standard, a step the California Supreme Court has so far declined to take.

The remaining issues raised by defendant are of little consequence. We have already concluded that evidence of the Noblett burglary was clearly admissible and we do not belabor the point. ■ The fact that the defendant stated in his interrogation that the reason he took women's

underclothing was because "these things turned him on sexually" was admissible in demonstrating defendant's common motive in both burglaries. As was said in *People* v. *Wheelwright* (1968) 262 Cal.App.2d 63, 69 [68 Cal.Rptr. 356]: "In legal contemplation an admission is an extrajudicial statement by a party—in a criminal case, by the defendant. It is an acknowledgement of some fact or circumstance which in itself is insufficient to authorize a conviction and which only tends toward the ultimate proof of guilt."

As for the argument that because of the sexual connotations its probative value was outweighed by its prejudicial effect, we hold that the trial court did not abuse its discretion in admitting it. As this court said in *People* v. *Lopez* (1969) 1 Cal.App.3d 78, 85 [81 Cal.Rptr. 386]: "[B]ecause a motive is ordinarily the incentive for criminal behavior, its probative value generally exceeds its prejudicial effect, and wide latitude is permitted in admitting evidence of its existence. [Citations.]"

█ Defendant for his finale asserts that the court committed reversible error in not instructing the jury that evidence concerning the burglary of the Noblett residence could not be considered in its deliberations upon the charge of the theft of the gun. The argument lacks merit. At the time the evidence was offered, the court carefully instructed the jury as to the limited purpose for which the evidence was offered. The court also gave an instruction at the conclusion of the case limiting the reception of evidence of another crime to show motive or intent. Since no gun was taken in the Noblett burglary we see no possible way the jury could have been confused by the limiting instruction. Moreover, since the defendant's whole defense was predicated upon his claim that he was so intoxicated he could not form a criminal intent it is inconceivable that the jury could have found him so intoxicated during the moment when he picked up the gun and not during the rest of the burglary. We see no possible merit in such an assertion.

█ Apart from the claim of error in receiving evidence as to the Noblett residence burglary and the defendant's confession of having committed it and other claims of error, the evidence of defendant's guilt of the crimes charged was so overwhelming as to permit us to invoke the rule announced in *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065] that any constitutional error was harmless. The defendant's fingerprints were found in the burglarized apartment and the stolen goods in his possession. The claim of intoxication to such a degree that he was unable

to form the specific intent to commit the crimes was rendered preposterous by defendant's own acts, such as his careful rearranging of delicate garments, his careful replacing of dresser drawers, etc., his use of the fruits of the burglary, including the use of stolen credit cards to drive to San Francisco. This evidence presents such an overwhelming case establishing the guilt of defendant that we can say with the Supreme Court in *People* v. *Tewksbury, supra,* 15 Cal.3d at page 972: "We conclude that the evidence of defendant's guilt is overwhelming even without those inferences of guilt, if any, which may be drawn from the fact that a gun similar to that with which defendant or Eribes was armed on the evening of the homicide was later seized at the Pedraza residence. Assuming without deciding that the court erred in not suppressing the gun, we hold that such error was harmless beyond a reasonable doubt. (*Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710].)"

The judgment is affirmed.

Gargano, Acting P. J., and Franson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 21, 1976.